FILED

2011 NOV 22 P 3:39

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**UNITIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

Jeffrey Kerr,
Kristin Simon,
Martin Mersereau,
Stephanie Bell,
Daphna Nachminovitch,

Plaintiffs,

v.

Robert E. Tardif, Jr., a/t/f Jason Yerk,

Defendant.

Civil Action No. 1:11 mc 44 LMB/TRJ

[Case pending in the U.S. District Court for the Middle District of Florida, Case No. 2:09-CV-537]

**BRIEF IN SUPPORT OF MOTION TO QUASH TRIAL SUBPOENAS ISSUED TO JEFFREY KERR, KRISTIN SIMON, MARTIN MERSEREAU, STEPHANIE BELL AND DAPHNA NACHMINIVITCH**

## INTRODUCTION

Attorney Jose Font represents the Plaintiff in the matter of *Tardif, Jr. v. People for the Ethical Treatment of Animals*, Civ. Action No. 2:09-CV-537 (M.D. Fla., Ft. Meyers Division). Mr. Font, through his agent, has attempted to subpoena five witnesses to trial by issuing invalid and woefully deficient subpoenas in this District. Mr. Font has failed to comply with Fed. R. Civ. P. 45, he has issued these subpoenas in bad faith, and Rule 45 mandates the imposition of sanctions in this instance.

## ARGUMENT

Mr. Font was not authorized to issue the subpoenas. Mr. Font is not an officer of this Court and is not licensed to practice in Virginia. *See* Fed. R. Civ. P. 45 (a)(3)("[a]n attorney may issue and sign a subpoena as an officer of: (A) a court in which the attorney is authorized to

practice; or (B) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending.) Mr. Font signed subpoenas for attendance at trial in the U.S. District Court for the Eastern District of Virginia where he is not authorized to practice.

Further, pursuant to Fed. R. Civ. Pro 45 (a)(2)(A), a subpoena for appearance at trial "must issue" from the district where the trial is to be held. The subpoenas (attached as Exhibit "A") require the subpoenaed individuals, Jeffrey Kerr, Kristin Simon, Martin Mersereau (sic), Stephanie Bell and Daphna Nachminovitch to appear for trial in the U.S. District Court for the Middle District of Florida, Fort Myers Division. There is no trial pending between these parties in this district. Accordingly, this Court does not have authority to compel the attendance of these witnesses who were served beyond the explicit geographical limitations of Rule 45(b)(2). *See Elaine L. Chao v. Tyson Foods, Inc.*, 255 F.R.D. 556, 559 (N.D. Alabama 2009). This Court cannot enforce subpoenas to appear in trial in the U.S. District Court for the Middle District of Florida, Fort Myers.

Plaintiff's counsel's agent handed the stack of subpoenas to an individual in PETA's office who is not employed by PeTA. Rule 45(b)(1) states "[s]erving a subpoena requires delivering a copy to the named person." Plaintiff did not even attempt personal service on any of the named persons. Plaintiff's subpoenas do not list the association of each witness to the underlying Defendant People for the Ethical Treatment of Animals other than to state each subpoena is "c/o People for the Ethical Treatment of Animals, 501 Front Street, Norfolk, VA 23510." (*See* Exhibit A). Even if plaintiff were to argue that all of the subpoenaed individuals are somehow officers of the company, which is not the case, Plaintiff would still have to obtain personal service. *See In re Johnson & Johnson,* 59 F.R.D. 174, 177 (D. Del. 1973) ("personal

service of a subpoena is required when an individual is subpoenaed. Here service was made on the registered agent for [the company] in Wilmington. This does not fulfill the requirement for personal service on the individuals who also happen to be officers of the company.") In any event, Plaintiff attempted to "serve" these subpoenas by leaving them with someone who is not even employed by the place of business, which is clearly not proper service under any rule.

Additionally, Plaintiff's counsel well knew from the respective individual's depositions two of the subpoenaed individuals are not residents of Virginia, and three of them do not work in Virginia: Jeffrey Kerr is a resident of Arlington, Virginia, and he works in Washington, D.C. Stephanie Bell is a resident of the State of Washington; and Kristin Simon is a resident of the State of Tennessee. This Court cannot enforce subpoenas to appear at a trial when they have not been properly served upon the witnesses.

On their face, the subpoenas attempt to require attendance at trial from November 3 – 30, 2011. (*See* Exhibit A) The subpoenas were dated November 3, 2011 and handed to a non-PeTA employee on November 17, 2011. Accordingly, the subpoenas were not served at least fourteen (14) days prior to the date of the trial in violation of Local Rule 45(E). Additionally, Plaintiff has failed to comply with the requirements of Local Rule 45 (C) which requires the issuing party to file proof of service promptly and "in any event, within the time during which the person served must respond to the subpoena." Plaintiff has not filed any proof of service with either this Court as required or the U.S. District Court for the Middle District of Florida.

Moreover, the subpoenas fail to even state the court in which the underlying action is pending in violation of Fed. R. Civ. P. 45(a)(1)(A)(ii). The subpoenas only reference a location for the individuals to appear.

Not only is this Court the improper venue for issuing subpoenas for a trial in the District Court for the Middle District of Florida, but the subpoenas do not even properly identify the issuing court as they fail to state the division from which they issued in violation of Fed. R. Civ. P. 45(a)(1)(A)(i).

Plaintiff failed to include mandatory witness fees including one day's attendance and mileage pursuant to Rule 45 (b)(1). Subpoenas issued without the required witness fee and mileage fees are defective. *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999).

Plaintiff has improperly demanded the individuals produce documents consisting of "[a]ll documents produced by PeTA or its representatives during the subject litigation." This production request is unduly overbroad, especially considering the individuals subpoenaed have not been identified as officers of the Defendant. Moreover, on its face the request is duplicative of documents already in Plaintiff's possession as they were, according to the requests, "produced by PeTA or its representatives during the subject litigation." More importantly, Plaintiff failed to provide notice to PeTA prior to service as required by Rule 45(b)(1). "The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." *USCS Fed Rules Civ Proc R 45 Notes of Advisory Committee on 1991 amendments.*

Even if service of the subpoenas had been otherwise proper under Rule 45(b)(2), which is clearly not the case, the subpoenas would have to be quashed pursuant to Federal Rule of Civil Procedure 45(c)(3)(A); see *Elaine L. Chao v. Tyson Foods, Inc.*, 255 F.R.D. 556, 559 (N.D. Alabama 2009). Federal Rule of Civil Procedure 45(c)(3)(A) provides that the court shall quash a subpoena if, *inter alia*, it "fails to allow a reasonable time to comply…" "requires a person who

is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed or regularly transacts business in person…" or "subjects a person to undue burden." Further Federal Rule of Civil Procedure 45(c)(3)(B) permits the court, upon motion, to quash a subpoena if it requires, inter alia, "a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial." The Eastern District of Virginia is approximately 1000 miles from Fort Myers, Florida. Plaintiff has not identified the relationship between the subpoenaed individuals and the Defendant PeTA and several of the subpoenaed individuals are not officers of PeTA.

Pursuant to Fed. R. Civ. P. 45(c), Mr. Font, as the "party or attorney responsible for issuing and serving these subpoenas" was obligated to avoid undue burden and expense on the subpoenaed witnesses, and he did not. Accordingly, the "issuing court must enforce this duty and impose an appropriate sanction…on a party or attorney who fails to comply," including an award of reasonable attorneys' fees. These trial subpoenas do not comply with any of the requirements of Rule 45. They were inappropriately issued, and improperly served. They have caused undue burden on the responding parties in attempting to command their attendance in federal court in Florida, caused undue burden and expense in having the subpoenaed individuals open a formal case and respond to the subpoenas in this District, and they must be quashed.

**DATED: November 22, 2011**

**Respectfully submitted,**

/s/ Stacey Rose Harris

Stacey Rose Harris
VSB No. 65887
*Counsel for Plaintiffs*
**DIMUROGINSBERG**, PC
1101 King Street, Suite 610
Alexandria, VA 22314
Phone: (703) 684-4333
Fax: (703) 548-3181
Email: sharris@dimuro.com

Philip J. Hirschkop /by Stacey Rose Harris

Philip J. Hirschkop, Esq.
VSB No. 04929
*Co-Counsel for Plaintiffs*
Hirschkop & Associates, P.C.
1101 King Street, Suite 610
Alexandria, Virginia 22314
Tel: (703) 836-6595
Fax: (703) 548-3181
Email: pjhirschkop@aol.com