1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
JEFFREY KERR, KRISTIN SIMON,      .    Civil Action No. 1:11mc44
MARTIN MERSEREAU, STEPHANIE       .
BELL, DAPHNA NACHMINOVITCH,       .
                                  .
            Plaintiffs,           .
                                  .
      vs.                         .    Alexandria, Virginia
                                  .    January 6, 2012
ROBERT E. TARDIF, JR., a/t/f      .    10:11 a.m.
Jason Yerk,                       .
                                  .
            Defendant.            .
                                  .
.  .  .  .  .  .  .  .  .  .  .
```

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE T. RAWLES JONES, JR.
UNITED STATES MAGISTRATE JUDGE

<u>APPEARANCES</u>:

FOR THE PLAINTIFF:            PHILIP J. HIRSCHKOP, ESQ.
                              Hirschkop & Associates, P.C.
                              1101 King Street, Suite 610
                              Alexandria, VA 22314


TRANSCRIBER:                  ANNELIESE J. THOMSON, RDR, CRR
                              U.S. District Court, Fifth Floor
                              401 Courthouse Square
                              Alexandria, VA 22314
                              (703)299-8595




                    (Pages 1 - 6)




(Proceedings recorded by electronic sound recording, transcript produced by computerized transcription.)

                                                                  2

1                         P R O C E E D I N G S
2            THE CLERK:  Jeffrey Kerr, et al. v. Robert E. Tardif,
3    Jr., Case No. 11mc44.
4            MR. HIRSCHKOP:  Good morning, Your Honor.
5            THE COURT:  Good morning.  I thought maybe they were
6    your opposition.
7            MR. HIRSCHKOP:  No, I have not seen Mr. Font.  I've
8    seen him a number of times in depositions.  I know what he
9    looks like.
10           THE COURT:  All right.  Well, for the record, you're
11   Philip Hirschkop.
12           MR. HIRSCHKOP:  Yes, sir.
13           THE COURT:  And you're apparently unopposed.  What is
14   it you're asking the Court to do now on -- with respect to
15   subpoenas, valid or invalid, that expired six weeks ago?
16           MR. HIRSCHKOP:  To award sanctions for abuse of Rule
17   45, Your Honor.  Your Honor, would it help if I gave a little
18   bit of just the history very shortly?
19           THE COURT:  Well, I've read the papers.  What's
20   really involved -- I agree that you needed to file a motion,
21   but beyond the cost to your client of filing the motion and one
22   trip to court, what sanctions would be appropriate for what
23   appears unexplained and unrebutted to be basic incompetence on
24   the other side?
25           MR. HIRSCHKOP:  Well, Your Honor, I think it's more

1   than that.  They -- in the exhibits that he submitted to you,
2   there are a couple of e-mails where when he first writes and
3   says, "You've agreed to produce these witnesses," there never
4   was any discussion about producing these witness, no less
5   agreement.  He then --
6           THE COURT:  Well, that, that may have been a
7   misunderstanding; I don't know.
8           MR. HIRSCHKOP:  Yeah.
9           THE COURT:  I'm not here to deal with the usual
10  back-and-forth between counsel, and --
11          MR. HIRSCHKOP:  Well --
12          THE COURT:  -- I know how easygoing and light-hearted
13  and uncontentious you usually are, Mr. Hirschkop, you know, but
14  maybe they're just contentious on the other side.
15          But again, I'm here to deal with the fact that they
16  served subpoenas that were clearly invalid, and that's really
17  all the Court can deal with today, isn't it?
18          MR. HIRSCHKOP:  Yeah, I would just suggest this, Your
19  Honor:  The follow-up e-mail after we said that we've never
20  agreed was, "Well, we'll just go ahead and subpoena everyone
21  from PETA."  That includes someone who they're never going to
22  use, and he's written now two or three e-mails, which in the
23  grouping you had someone from Seattle, Washington, someone from
24  Tennessee, someone from Norfolk, and the only one they want is
25  someone from Tennessee.  They subpoenaed the general counsel

1  from D.C., and they've now written, "We don't want those other
2  people."
3              They've issued new subpoenas which are as invalid as
4  these subpoenas, but they came out of the Middle District of
5  Florida.  I'll deal with them down there.  But these were just
6  to get us to give in to agree to produce people that we had no
7  obligation to produce.  It was a total misuse of the subpoena
8  power.
9              And so we not only had to respond, but I immediately
10 wrote to them and said, "Please inform the Court that you're
11 not seeking these subpoenas," and it would have been truncated
12 at that point, but they refused to write to the Court several
13 times, said, "If you'll waive legal fees, we then will notify
14 the Court."
15             We saw that in the recent letter he wrote to Your
16 Honor about he previously had asked to waive his appearance.
17 Well, we don't know about any previous request to waive his
18 appearance.  That's the way this guy operates.
19             And so we've had to respond to all these things.  It
20 unnecessarily has run up our legal fees.  We've done nothing --
21 we submitted the bills -- that was unnecessary or not needed to
22 bring this before your attention so we could put an end to
23 this, but it's what's been going on, and it was necessary not
24 only to protect the people, because he'd come and say there's
25 outstanding subpoenas, albeit when he served those subpoenas,

5

1  trial had already been put off.  There was nothing left for
2  November, and yet he went ahead and served them.
3          THE COURT:  I may have missed that in my review of
4  the chronology.  These subpoenas were issued after the district
5  judge in, in Florida had made it clear the case was not going
6  to be tried in November?
7          MR. HIRSCHKOP:  They were served after the district
8  court, yes, sir.
9          THE COURT:  Okay.  Served after the trial had been
10 continued.
11         MR. HIRSCHKOP:  Yes, sir.  On the 14th of November,
12 the district court said, "I'm taking it off the November
13 docket.  I'm putting it over to December."  On the 16th of
14 November, they were presented to a receptionist, didn't even
15 work for PETA, at PETA's headquarters.  They just don't care
16 about the rules, and they've caused this kind of expense.
17         So we'd ask for a finding that it was inappropriate
18 what they did and whatever Your Honor will award.
19         THE COURT:  All right.  I'm going to -- PETA is
20 clearly entitled -- or the petitioners are clearly entitled to
21 their fees reasonably expended to -- in this court to deal with
22 the matter.  Give me a declaration with an itemized bill of
23 your -- by itemized, I don't expect you to violate the
24 privilege, but if you could give me a declaration supporting
25 your fees through the court appearance today, I'm going to take

                                                                    6

1   any other sanctions under advisement, and you'll get a quick
2   ruling.
3           MR. HIRSCHKOP:  Your Honor, we have submitted with
4   our reply brief declarations both from Ms. Harris in
5   Mr. DiMuro's firm and from myself, with itemized bills.
6   They're attached to the reply brief that we just filed.
7           THE COURT:  All right.
8           MR. HIRSCHKOP:  And it doesn't go through today, but
9   we'll be satisfied with the fees as of that time.
10          THE COURT:  Fine, all right.  Then I'll take it under
11  advisement on the current record.
12          MR. HIRSCHKOP:  Thank you so much, Your Honor.
13          THE COURT:  Thank you.
14                      (Which were all the proceedings
15                       had at this time.)
16
17                  CERTIFICATE OF THE TRANSCRIBER
18    I certify that the foregoing is a correct transcript from
19  the official electronic sound recording of the proceedings in
20  the above-entitled matter.
21
22
23                                  _____/s/_____
                                    Anneliese J. Thomson
24
25