**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **JEFFREY KERR, et al.,** : | |
| : | |
| Plaintiffs : | |
| : | |
| v. : | Civil Action No. 1:11mc44 LMB/TRJ |
| : | |
| **ROBERT E. TARDIF, JR.,** : | |
| : | |
| Defendant : | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR
<u>CLARIFICATION</u>**

COME NOW plaintiffs/petitioners, by counsel, in opposition to defendant/respondent's Motion for Clarification.  The Motion is falsely represented as a *pro se* motion by attorney Font, but, as pointed out *infra*, that is a ruse and the relief requested pertains to the defendant/respondent.

1. It is not clear if an opposition is required as the Motion was not filed.  Local Rule 47(H) requires all pleadings, motions, briefs, and filings of any kind must be timely filed with the Clerk's Office.  This was not done, in clear violation of the Local Rules.

2. Upon information and belief, Mr. Font was previously advised by Chambers that he would have to file pleadings electronically as is required by the Court.  Mr. Font has chosen to totally ignore that procedure.

3. Mr. Font also has egregiously signed the pleading, although he is not a member of the Bar of this Court.  Terming it a "*pro se* pleading" is absolute chicanery.  The outstanding Order of this Court issued sanctions against Robert Tardif.  Mr. Font's pleading asks to clarify the Court's Order or to provide further information and other

relief.  These are all requests on behalf of defendant Tardif, who is a party to this matter **and Mr. Font is not a party**.  While the original petition sought sanctions against Mr. Font, and he was allowed then to make a *pro se* appearance, the Court chose not to award sanctions against Mr. Font, and the only sanctions were against Robert Tardif.  Signing the pleading and terming it "*pro se*" is an absolute ruse and effort to deceive this Court.  The Eastern District of Virginia has always been very strict about pleadings being signed by members who are admitted to practice before this Court.

    4.  Nor is this the first time Mr. Font has engaged in this type of misconduct.  The underlying Motion to Quash (Document 1) sought sanctions because, *inter alia*, the subpoenas at issue from the Eastern District of Virginia were signed by Mr. Font who is not a member of this Court.

    5.  Further, the Motion for Clarification mailed to the Judge's Chambers by Mr. Font is in clear violation of Local Civil Rule 7(E).  No date was sought from the Court or plaintiffs' counsel to set the matter down, nor did Mr. Font seek to meet and confer, nor was the Motion noticed for the first permissible motions day.  Nor could it be noticed, as it is not properly filed.  This is precisely the type of misconduct for which the Court issued sanctions with respect to the underlying subpoenas.

    6.  Mr. Font further falsely suggests that the sanctions are against the bankruptcy estate.  That is not at all correct, as the Court's Order makes clear.  The sanctions are clearly against the Trustee, Robert Tardif.  Money should not be taken from the bankruptcy estate to pay for the Trustee's and Mr. Font's serious misconduct.  The Trustee is in private practice, apparently has a large salaried staff, and receives a percentage of any monies recovered in the underlying matter.  He is not a United States

Trustee and is not privileged to have false subpoenas filed in the Eastern District of Virginia.

      7. Most egregiously, the core basis of the Motion (in paragraphs 6, 7 and 8) is an attempted fraud upon the Court. Mr. Font alleges that "Petitioners' counsel never served upon Font any time sheets (or any other documents) setting from [sic] the fees being claimed and the basis therefore" (paragraph 6). Mr. Font further states (paragraph 7), "As such, Font did not, and could not, provide this Court a basis to dispute the amount being claimed by the Petitioners. It was not until this Court's March 26th Order that Font had any knowledge of the amount being claimed."

      8. The above representations in paragraphs 6 and 7 are false. On January 3, 2012, at 12:55 PM, an email was sent to both Mr. Font and his co-counsel Mr. Zuckerman (in the same firm), from Mr. Hirschkop's firm (Exhibit 1 hereto), which attached Case 1:11-mc-0004-LMB-TRJ Document 9, Document 9-1, Document 9-2, and Document 9-3 (Petitioners' Reply To Response To Motion To Quash Subpoenas And Motion To Dismiss For Lack Of Personal Jurisdiction and accompanying exhibits). As referenced in that email, the pleading and exhibits were also sent via United States mail. These documents are also publicly available on PACER. Document 9 references its attached Exhibits 2 and 3 (Documents 9-2 and 9-3), which are the specific legal fees sought and the itemized billings. If Mr. Font found these in any way inadequate, he could have petitioned the Court. Instead, he waited three weeks, until after the Court hearing, to write an email dated January 23, 2012 asking for time records, which he already had, and which was after the Court has already issued its Order granting Petitioners' Motion To Quash (Document 1). Indeed, if Mr. Font felt there was

something inappropriate in Mr. Hirschkop not <u>again</u> supplying Mr. Font with documents already in Mr. Font's possession, he had several weeks to further petition the Court before the Court issued its final Order in March, and Mr. Font chose not to do so. Instead, he waited until after the twenty-one days had expired in which the Court ordered the sanctions to be paid and then filed what is clearly a bogus pleading.  The sanctions remain unpaid and Mr. Tardif remains in breach of this Court's Order, for which this Court should appropriately sanction Mr. Tardif or issue a Rule to Show Cause.

      9. Mr. Font also asks that this Court afford him an opportunity to be heard. Again, he abuses this Court's prior good offices and patience.  As pointed out in Document 9-1, Mr. Font contacted Mr. Hirschkop in December 2011 asking to put over the originally-noticed hearing on the Petition so he could "appear in person".  It does not appear he ever had intention of doing that.  As the documents in Document 9-1 show, Mr. Hirschkop agreed to the request and scheduled a hearing to accommodate Mr. Font's travel around the holiday season.  Mr. Font then, *ex parte*, contacted the Court to see if he could appear by phone.  He was informed by Chambers that he had to appear in person. Although he had Mr. Hirschkop's pleading with the itemized legal charges and support affidavits, he chose to make no appearance whatever and submitted nothing in writing to the Court from that time.  He was given every opportunity to appear and chose not to do so.

      10. In the mailing Mr. Font sent to the Court, he makes note of a judgment in Florida against PeTA (People for the Ethical Treatment of Animals) and applications for legal fees in Florida against PeTA.  That is all irrelevant as PeTA is not the

4

plaintiff/petitioner in this case. The plaintiffs are individuals who were wrongfully subpoenaed, as this Court found.

## **CONCLUSION**

For the reasons set forth above, the mailing to the Court: not a filed pleading; in a number of ways is in violation of the Local Rules; is untimely; and is signed by an attorney who is not a member of the Bar of this Court. Accordingly, the pleading should be stricken. Because of the abuse as outlined above in filing this pleading, the Court is requested to issue further sanctions, including a Rule to Show Cause why Messrs. Font and Tardif should not be held in contempt.

Further, defendant/respondent is in clear violation of the Court's Order to pay legal fees within 21 days. The Court is further requested to issue a Rule to Show Cause as this breach of the Court's Order in order for the Court to enforce its Order. Plaintiffs/petitioners would courteously request that should the Court choose not to issue a Rule to Show Cause that it issue an Order that defendant/respondent Robert Tardif shall deliver to the firm of Hirschkop & Associates payment in the amount of $9,545.00 within seven (7) days of the Order or shall be in contempt of the Court.

                                            Respectfully submitted,

                                            _____/s/_____
                                            Philip J. Hirschkop, VSB No. 04929
                                            Hirschkop & Associates, P.C.
                                            1101 King Street, Suite 610
                                            Alexandria, Virginia   22314
                                            Phone:  (703) 836-6595
                                            Fax:  (703) 548-3181
                                            Email:  pjhirschkop@aol.com,
                                                     hirschkoplaw@aol.com

        Stacey Rose Harris, VSB No. 65887
        DiMuroGinsberg, PC
        1101 King Street, Suite 610
        Alexandria, Virginia   22314
        Phone:  (703) 684-4333
        Fax:  (703) 548-3181
        Email:  sharris@dimuro.com

*Counsel for Plaintiffs/Petitioners*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and will email and mail a copy via USPS first class mail of the foregoing to:

    Jose P. Font, Esquire
    Evan A. Zuckerman, Esquire
    5821 Hollywood Boulevard, First Floor
    Hollywood, Florida   33021
    Emails:  jfont@florida-law.com; ezuckerman@florida-law.com

        _____/s/_____
        Philip J. Hirschkop, VSB No. 04929
        Hirschkop & Associates, P.C.
        1101 King Street, Suite 610
        Alexandria, Virginia   22314
        Phone:  (703) 836-6595
        Fax:  (703) 548-3181
        Email:  pjhirschkop@aol.com,
                hirschkoplaw@aol.com

        Stacey Rose Harris, VSB No. 65887
        DiMuroGinsberg, PC
        1101 King Street, Suite 610
        Alexandria, Virginia   22314
        Phone:  (703) 684-4333
        Fax:  (703) 548-3181
        Email:  sharris@dimuro.com

*Counsel for Plaintiffs/Petitioners*